IN THE UNITED STATES DISTRICT COURT FOR
                    THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                        *
COMMUNITY CHURCH OF ASHBURN,
                                        *
      Plaintiff,
                                        *
           v.                                    CIVIL NO.: WDQ-10-0121
                                        *
HARBOR VIEW CONTRACTORS,
*et al.*,                                *

      Defendants.                        *

*     *     *     *     *     *     *     *     *     *     *     *     *

                         MEMORANDUM OPINION

      Harbor View Contractors ("Harbor View") and Jeffrey A.

Goodwin (collectively, the "defendants") moved to vacate the

judgment by confession entered against them in favor of

Community Church of Ashburn ("Community Church").  The Court

denied that motion.  Pending is the defendants' motion for

reconsideration, and Community Church's motion for examination

under oath and production of documents.  For the following

reasons, the defendants' motion will be denied, and Community

Church's motion will be granted.

I.    Background

      On February 23, 2009, Community Church and Harbor View met

to arbitrate a breach of contract dispute arising out of work

that Harbor View was to complete for Community Church.  Compl.

1.  A consent arbitration award was entered for Community

Church.   Showers Aff. ¶ 4.   On March 18, 2009, the parties

entered into a settlement agreement requiring Harbor View to

make three payments[1] to Community Church, which were personally

guaranteed by Goodwin.   Paper No. 1, Ex. B at 2.   That day, the

parties also signed a confessed judgment note for $500,000.

Paper No. 1, Ex. C.   The balance would be waived if Harbor View

and Goodwin made the three payments on time.   *Id.* at 1.

   Harbor View made only one payment.   Compl. 2.   Neither

Harbor View nor Goodwin cured the default upon Community

Church's demand.   *Id.*   Thus, the unpaid balance of the note,

plus interest and action and attorneys' costs, became due.   *Id.*

   On January 18, 2010, Community Church filed a complaint for

the entry of judgment by confession.   On February 19, 2010,

Magistrate Judge James Bredar ordered that judgment by

confession be entered against Harbor View, individually, and

Harbor View and Goodwin, jointly and severally.   Paper No. 7.

On April 2, 2010, the defendants moved to vacate the judgment.

Paper No. 9.   On April 5, 2010, Community Church opposed that

motion.   Paper No. 11.   On May 20, 2010, this Court denied the

defendants' motion to vacate as untimely and lacking a

meritorious defense.   Paper No. 12 at 1.   On June 2, 2010, the

defendants filed a motion to reconsider that Order.   Paper No.

---

[1] In the amounts of $75,000.00, $78,459.00, and $55,523.00.
Paper No. 1, Ex. C at 1.

16.[2]  On June 4, 2010, Community Church opposed that motion.

Paper No. 17.  On June 16, 2010, Community Church filed an

unopposed motion for examination under oath and production of

documents.  Paper No. 20.

II.  Analysis

  A.  Defendants' Motion for Reconsideration

    1.  Standard of Review

The Federal Rules of Civil Procedure do not recognize a

motion for reconsideration.  *Auto Services Co. v. KPMG, LLP*, 537

F.3d 853, 855 (8th Cir. 2008).  A party may move to alter or

amend a judgment under Rule 59(e), or for relief from a judgment

or order under Rule 60.  *See* Fed. R. Civ. P. 59(e), 60.[3]  A

"judgment" is "a decree and any order from which an appeal

lies."  *Auto Servs. Co.*, 537 F.3d at 856 (*quoting* Fed. R. Civ.

P. 54(a)) (internal quotation marks omitted).  A motion to alter

or amend filed within 28 days of the judgment is analyzed under

Rule 59(e); if the motion is filed later, Rule 60(b) controls.

*See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*,

532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2–

---

[2] The defendants did not identify the Federal Rule of Civil
Procedure on which their motion was based.  *See* Paper No. 16 at
1 (*citing* only Local Rule 105.10 (Md. 2010), which governs
"Motions to Reconsider").

[3] Generally, interlocutory orders are subject to modification
"prior to the entry of a final judgment adjudicating the claims
to which they pertain."  *Williams v. Cnty. of Westchester*, 171
F.3d 98, 102 (2d Cir. 1999); Fed. R. Civ. P. 54(b).

3 (4th Cir. 1992).  Because this Court's May 20, 2010 Order was a judgment, and the defendants filed their motion for reconsideration within 28 days, Rule 59(e) governs it.

Under Rule 59(e), a court may grant a motion to alter or amend the judgment to: (1) accommodate an intervening change in controlling law; (2) account for new evidence previously unavailable; or (3) correct a clear error of law or prevent manifest injustice.  *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008) (citation and internal quotation marks omitted).  Rule 59(e) may not be used to "relitigate old matters" or "raise arguments" that could have been made before judgment was entered.  *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605, 2617 n.5 (2008) (citation and internal quotation marks omitted); *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002).

Mere disagreement with the court's decision does not justify granting a Rule 59(e) motion.  *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).  Indeed, "[w]he[n] a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized."  *Medlock v. Rumsfeld*, 336 F. Supp. 2d 452, 470 (D. Md. 2002); *see Erskine v. Bd. of Educ.*, 207 F. Supp. 2d 407, 408 (D. Md. 2002).

2. The May 20, 2010 Order Denying the Motion to Vacate

The defendants argue that the Court should reconsider the
May 20, 2010 Order because (1) it did not address their
Servicemembers Civil Relief Act argument, and (2) the person who
was allegedly served has now stated that she was not.  Paper No.
16 ¶¶ 1-2.

a. Servicemembers Civil Relief Act

In their motion to vacate, the defendants argued that the
judgment by confession was procedurally defective because it did
not comply with § 521 of the Servicemembers Civil Relief Act
(the "Act").  50 app. U.S.C. § 521; Paper No. 9 at 2-4.  Section
521, which "protect[s] servicemembers against default
judgments," applies to civil actions or proceedings "in which
the defendant does not make an appearance."  50 app. U.S.C. §
521.

Before judgment may be entered for a plaintiff, § 521
requires that he must file an affidavit stating "whether or not
the defendant is in military service," or "that the plaintiff is
unable to determine" this.  *Id.* § 521(b)(1)(A)-(B).  Because
Community Church's affidavit did not state either as to Goodwin,
*see* Showers Aff., the defendants argued that the entry of
judgment by confession was erroneous, Paper No. 16-2 at 3.  In
the May 20, 2010 Order denying the motion to vacate, the Court
did not address this argument.  *See* Paper No. 12.

This issue would have been moot because the motion to
vacate--filed three days after the judgment became final--was
untimely.[4]  Also, this argument lacks merit because § 521 applies
to default judgments, not judgments by confession.  *See* 50 app.
U.S.C. § 521 (titled "protection of servicemembers against
default judgments").[5]  As no "clear error" or "manifest
injustice" justifies Rule 59(e) relief, *Gagliano*, 547 F.3d at
241 n.8, failure to address the Act is not an appropriate basis
for reconsideration.

b.  Improper Service

The defendants also claim that there is an "issue" about
proper service.  On April 5, 2010, Community Church filed an
affidavit of service that Goodwin's wife was served with the
judgment by confession documents at their home on February 28,
2010.  Paper No. 10.  Mrs. Goodwin now states that (1) she has

_____

[4] *See* Local Rule 108.1.d (Md. 2010); Paper No. 12 at 1; *cf.*
*Yuzary v. United States*, No. 04 Civ. 2809 (RPP), 96 CR. 967
(RPP), 2006 WL 59519, at *2 (S.D.N.Y. Jan. 10, 2006) (court's
failure to address defendant's argument did not justify Rule
59(e) relief because the court lacked jurisdiction when the
defendant's request was made).

[5] *See Arthur v. Gardner*, 42 Pa. D. & C. 549, 550 (Pa. Com. Pl.
1941) (Act does not require affidavit for a judgment by
confession because that is "not a default of any appearance by
the defendant, but a default in payment").  If the defendants
were analogizing to § 521(g), which governs the "vacation or
setting aside of default judgments," this too is improper.  It
must be shown that, *inter alia*, the "servicemember was
materially affected by reason of . . . military service in
making a defense to the action."  50 app. U.S.C. § 521(g)(1)(A).
Goodwin has not asserted he was in the military.

6

"no recollection and [does] not believe" that she was served,
and (2) neither her attorney nor Goodwin received the documents.
Paper No. 16, Ex. 2 ¶¶ 3–4.[6]

Although the defendants do not cite a legal basis for their
improper service argument, it appears they are asserting
"insufficient service of process" under Fed. R. Civ. P.
12(b)(5).  The defendants have waived this defense because it
was not made in a Rule 12 motion. *See* Fed. R. Civ. P.
12(h)(1)(B)(i).

Even had Mrs. Goodwin not been personally served, service
of process would have been satisfied by "leaving [the summons
and complaint] at the individual's dwelling or usual place of
abode with someone of suitable age and discretion who resides
there."  Fed. R. Civ. P. 4(e)(2)(B).  The process server has
affirmed that he served the documents on an adult female who
identified herself as Mrs. Goodwin and "acknowledged [she and
Goodwin] both live[d] at [that] address."  Aff. of Service ¶¶ 2–
3.  Accordingly, improper service is not a basis for
reconsideration.

---

[6] The defendants label Mrs. Goodwin's statement an affidavit, but
it was neither "swor[n]," 2A C.J.S. *Affidavits* § 25 (2010), nor
made "under penalty of perjury," *see* 28 U.S.C. § 1746.

B. Community Church's Motion for Examination Under Oath and

   Production of Documents

Community Church seeks an order requiring (1) Mr. and Mrs.

Goodwin to appear before a United States Magistrate Judge for

examination under oath; and (2) Goodwin to document his assets,

including those he did not reveal at his deposition.  Paper No.

20 at 1–3.[7]  The defendants have not opposed the motion.

Under Fed. R. Civ. P. 69(a)(2), a judgment creditor seeking

judgment or execution "may obtain discovery from any person"

under the "[federal] rules or by the procedure of the state

where the court is located."  Here, Community Church's judgment

by confession against Goodwin entitles it to this procedure.[8]

1. Examination Under Oath

Maryland Civil Procedure Rule 2–633(b) permits "the court

where the judgment was entered" to order the "appearance for

examination under oath" of (1) judgment debtor Goodwin, or (2)

any other person "if the court is satisfied by . . . proof that

it is probable" she has "[Goodwin's] property."  Mrs. Goodwin is

---

[7] Neither Goodwin nor his wife attended their noticed
depositions; they have not responded to Community Church's
requests to reschedule.  *See* Paper No. 20 at 2, Ex. A, Ex. B.

[8] *See* Paper No. 7 (judgment against Goodwin and Harbor View,
jointly and severally, for $138,460.14 plus court costs and
interest); *Black's Law Dictionary* (9th ed. 2009) (a "judgment
creditor" has the "legal right to enforce execution of a
judgment for a specific sum of money"); *id.* (a "judgment debtor"
is a "person against whom a money judgment has been entered but
not yet satisfied").

married to defendant Goodwin, and they jointly own real property. *See* Paper No. 20, Ex. 5 at 1 (Baltimore County Mortgage Record); *id.* at 2 (Worcester County Assessment Record). The Court will order Goodwin and Mrs. Goodwin to appear before a United States Magistrate Judge for examination under oath.

2. Production of Documents

Maryland Civil Procedure Rule 2-633(a) allows Community Church to "request[] documents" to "aid enforcement" of its judgment by confession. Goodwin did not attend his deposition or produce the requested documents about his assets. Paper No. 20, Ex. A at 2, Ex. G at 2–3. To enforce its judgment, Community Church must be able to "determin[e the] judgment debtor's assets." *GMAC Real Estate, LLC v. Joseph Carl Secs., Inc.*, No. CV 10-192-PHX-JAT, 2010 WL 432318, at *1 (D. Ariz. Feb. 3, 2010). The Court will order the production of documents.[9]

III. Conclusion

For the reasons stated above, the defendants' motion for reconsideration will be denied, and Community Church's motion

---

[9] These documents are listed in (1) Goodwin's subpoena to testify, Paper No. 20, Ex. A at 1 (requiring description of his assets, accounts receivable, financial accounts, claims by Harbor View, and real property); and (2) "Requests for Production--Jeffrey A. Goodwin," *id.*, Ex. G at 2–3 (same plus personal and intellectual property, equipment, and inventory).

for examination under oath and production of documents will be

granted.

October 27, 2010                              /s/
Date                          William D. Quarles, Jr.
                              United States District Judge